Alexander Del Giorno, J.
This is a motion made by the State pursuant to CPLB 3211 (subd. [a], pars. 2, 8), for an order dismissing the claim on the ground that the complaint fails to comply with the requirements of section 8-a of the Court of Claims Act.
The affidavits submitted indicate that the claimant on September 17, 1962 was a member of the New York Army National Guard, and that while attending a regularly scheduled drill of his unit at the State Armory at 355 Marcy Avenue, Brooklyn, N. Y., sustained personal injuries.
On September 14, 1964, the claimant filed a claim to recover damages for the said injuries which he contends were due to the negligence of the State in the maintenance of the stairway leading from the second floor to the third floor of the said Armory, etc., which caused him to slip and fall for which he asks $250,000 in damages.
Since the motion made by the State alleges that the court has no jurisdiction of the subject of the claim, contending that said claim does not come under the provisions of section 8-a of the Court of Claims Act, we must first of all examine the said section. In said section, the State waived its immunity from liability and action with respect to the torts of members of the organized militia and employees in the division of military and naval affairs in the operation, maintenance and control of vehicles, including aircraft owned by the State or issued or loaned or assigned to the State by the United States for the use of such militia, etc., while acting within the scope and in the performance of their duties in the military service of the State, etc., and it further provides that: “ Nothing herein contained shall be construed * * * to affect, alter or repeal any provision of the • * * * workmen’s compensation law.”
The State contends that, inasmuch as the claimant was injured while on duty in the military service of the State, he does not come within the waiver of immunity from liability indicated in section 8-a, and that his action does not lie.
The claimant contends that at the time of the accident he was not an employee of the State of New York but an employee of the United States Government on the payroll of the United *834 States Government, as is evidenced by a voucher attached to his affidavit indicating the receipt of $164.67 for the pay period of September 18, 1962 to September 30, 1962 which was paid to him by the United States Government through its Fort Jay, New York, office, while at the same time there was attached to the voucher the following note: “ Frederick a. sadowski, 2d Lt hhb 102d Arty Bde (AD) nyarng. A patient at us Naval Hospital St Albans, NY was found by proper authority to have incurred a personal injury in line of duty while engaged in training under 32, use 502, 503, 504 or 505. Such finding was approved by proper authority on 19 Oct 62 ”.
Attached to the moving affidavit is an affidavit of Carson Leonard, who is the Assistant Legal and Claims Officer in the office of the State Judge Advocate for the Division of Military and Naval Affairs, which advises the court that on the day of the accident Second Lieutenant Frederick A. Sadowski was a member of Headquarters, 102nd Artillery Brigade (AD), New York Army National Guard. The affidavit sets forth that in accordance with the provisions of National Guard Regulation 28 the claimant’s injury was determined to be in line of duty which was later approved by the Chief, National Guard Bureau, as is set forth on a form attached to the said affidavit.
A further affidavit by the said Carson Leonard states that the claimant was not in the service of the United States, for section 3495 of title 10 of the United States Code specifies that members of the Army National Guard of the United States are not in Federal service except when ordered thereto under the law; that on the day of the injury the claimant was performing his duty under the command and the authority of the Governor of the State and that under section 130.2 of the State Military Law jurisdiction over his person was in the State of New York.
The said Leonard affidavit specifies further that section 3079 of title 10 of the United States Code defines claimant’s status. The said section reads: “ When not on active duty, members of the Army National Guard of the United States shall be administered, armed, equipped, and trained in their status as members of the Army National Guard.”
Section 3495 of title 10 of the United States Code not only defines the status of a member of the Army National Guard when such member would be considered in active Federal service but also that it has been in effect since August 10,1956. “ Members of the Army National Guard of the United States are not in active Federal service except when ordered thereto under law.”
*835 Section 3496 of title 10 specifies: ‘The President may, with their consent, order commissioned officers of the Army National Guard of the United States to active duty in the National Guard Bureau.” Neither in the claim nor in his answering affidavit does the claimant specify that he had been called into active service by an order of the President of the United States, either for the purpose of handling any emergency, riot, etc., or to serve in the active service of the United States Army.
As this matter is presented it would seem to be no different from one where the injuries sustained by an employee occurred while he was in the active service of his employer. Such employee is limited to compensation under the Workmen’s Compensation Law and may not sue his employer. Such employee could sue a third party as could this claimant if he were in the active service of the United States Army by orcler of the President, but since no such status has been indicated the court finds that he was in the employ of the State of New York and his compensation for alleged injuries may be sought for only as provided by the laws of the State of New York, such as workmen’s compensation or whatever provisions are otherwise provided under the Military Law of the State.
Furthermore, any compensation received by claimant from the military authorities of the United States, is merely an accommodation between the Federal Government and the several State governments in and for their maintaining the State National Guard, and creates no special relationship between the guardsman and the United States Military Service when not ordered or impressed into Federal service.
For all the above reasons, the motion of the State is granted and the claim is hereby dismissed.