OPINION OF THE COURT
Gerard M. Weisberg, J.
This is a case of first impression dealing with section 6224 of the Education Law (L1979, ch 305, eff July 1,1979, as amd by L 1980, ch 317, eff June 19, 1980), which transferred to the Court of Claims jurisdiction over actions involving the senior colleges of the City University of New York (CUNY).
Claimant has moved for permission to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act. The proposed “complaint” alleges that on November 15,1979 claimant sustained injury to her back while performing services as a student teacher in connection with a Master’s degree program administered by Hunter College — a senior college of CUNY.
Claimant served a “notice of claim” upon CUNY on January 8, 1980. Having received no response, claimant served a summons and complaint upon CUNY on February 12, 1980. On February 25,1980 claimant received a letter from the Attorney-General acknowledging receipt on January 25, *1090 1980 of the notice of claim. Claimant inquired of the Attorney-General the reason for its possession of the notice of claim, and was informed that by virtue of section 6224 of the Education Law, the Court of Claims possessed exclusive jurisdiction of the action. Claimant thereafter caused an original and 12 copies of the notice of claim[1] to be served upon the clerk of this court on February 29, 1980. The notice of claim was rejected and returned to claimant.
The problem posed by this motion is the procedural incompatibility of section 10 of the Court of Claims Act and subdivision 2 of section 6224 of the Education Law.[2] Subdivision 3 of section 10 of the Court of Claims Act provides that a claim or notice of intention in a tort case against the State must be filed within 90 days of accrual. Subdivision 2 of section 6224 of the Education Law provides that in any action against a senior college of CUNY the claim, notice of intention, complaint or other papers must allege that a demand setting forth the underlying basis for the matter was presented to CUNY for adjustment, and that 30 days have expired without its having been satisfied. No time limit is prescribed in the Education Law for presentation of such a demand.
For the purposes of subdivision 3 of section 10 of the Court of Claims Act, a tort claim normally accrues on the date of the occurrence. However, as a general principle, a claim cannot accrue until claimant’s legal right to assert it is complete. (City of New York v State of New York, 40 NY2d 659.) Reading subdivision 2 of section 6224 of the Education Law and subdivision 3 of section 10 of the Court of Claims Act together, a claim against CUNY could not accrue until 30 days had elapsed from presentation of a demand. Accordingly, the present claim accrued oh February 7, 1980 — 30 days after service upon CUNY of the notice of claim. Since a document purporting to be a notice of claim was served on the Clerk of the Court of Claims on February 29, 1980, claimant complied with section 10 of *1091 the Court of Claims Act. The present motion to file a late claim is therefore unnecessary.
We note that both claimant and the Attorney-General assumed that section 10 of the Court of Claims Act was applicable to this claim and, consequently, the foregoing analysis proceeded along similar lines. However, because the issue is of importance to future claims, the court’s views should be elucidated further. Section 10 of the Court of Claims Act refers to claims against the “state”. In Easley v New York State Thruway Auth. (1 NY2d 374) it was held that the Legislature could constitutionally confer jurisdiction upon the Court of Claims over causes of action asserted against the New York State Thruway Authority— an entity which, like CUNY, possesses independent corporate existence. Absent such a legislative grant, the court would not possess jurisdiction over entities which, though acting in quasi-governmental capacities, are separate and distinct from the State. (See Pantess v Saratoga Springs Auth., 255 App Div 426.)
The statute which confers jurisdiction over the New York State Thruway Authority provides that it shall be exercised “in the same manner and to the extent provided by and subject to the provisions of the court of claims act with respect to claims against the state”. (Public Authorities Law, § 361-b.) The Education Law contains no parallel provision. Bills introduced in the Senate and Assembly during the 1980 legislative session would have added to the Education Law language identical to that quoted above from section 361-b of the Public Authorities Law. These bills did not become law. (Senate Bill No. 9236; Assembly Bill No. 11559.) In fact, the amendment which was enacted by the past session of the Legislature (L 1980, ch 317, § 14) added inter alia the words “notice of intention to file a claim” and “claim” without incorporating explicitly or by reference any of the jurisdictional requirements of section 10 of the Court of Claims Act.
We draw the conclusion that the only condition precedent to the filing of a notice of intention or a claim against CUNY is contained in section 6224 of the Education Law. The imposition of other time limitations or jurisdictional require *1092 ments is not a proper subject for action by the court, but is rather the exclusive prerogative of the Legislature.
Finally, although we have used the terminology of the 1980 amendment, our holding would be the same under the statute as it previously existed since, insofar as here applicable, no substantive change was made therein.
Accordingly, the motion is granted to the extent that claimant shall resubmit her claim to the clerk in accordance with the terms of the order entered hereon.

. Alternatively referred to in the affirmation of claimant’s counsel as a “notice of claim” and “notice of intention.”

. Previously subdivision 1 of section 6224 of the Education Law; renumbered subdivision 2 by section 14 of chapter 317 of the Laws of 1980.