OPINION OF THE COURT
Edward J. Amann, Jr., J.
The claimants move in the present motion to dismiss the State’s third affirmative defense. The defense alleges that: “the claim of Caryl Stein, individually, is not timely filed.” The State opposes the motion. The affirmation in opposition argues that the tort claim, which forms the basis for this action, accrued upon the date of occurrence.
On February 18, 1981, the infant claimant was injured by a metal clothing hook affixed to a bathroom stall in the girl’s bathroom at Hunter Elementary School. Thereafter, on April 30, 1981, a notice of claim and demand were served upon the City University of New York. The claimant waited 30 days as provided in section 6224 of the Education Law and then filed a notice of claim in the Court of Claims. The State argues that the claim is untimely, because it was not filed within the 90 days provided in subdivision 3 of section 10 of the Court of Claims Act.
*646 Section 6224 of the Education Law provides in pertinent part: “2. No notice of intention to file a claim or claim shall be served pursuant to subdivision four of this section, *** unless it shall appear by and as an allegation in the notice of intention to file a claim, claim, complaint or necessary moving papers that at least thirty days have elapsed since a demand setting forth the underlying basis for such matter was presented to the city university for adjustment, and that the officers or bodies having the power to adjust or pay such claim have neglected or refused to make an adjustment or payment thereof for thirty days, after such presentment.”
Section 6224 also provides, however: “4. Exclusive jurisdiction is hereby conferred upon the court of claims to hear, audit and determine the claims of any person against the city university of New York *** (b) * * * in the same manner and to the extent provided by and subject to the provisions of the court of claims act with respect to claims against the state, and to make awards and render judgments therefor.”
The State has argued that the incorporation of the latter subdivision into section 6224 means that all claims against the City University are governed by the filing requirement of section 10 of the Court of Claims Act. Therefore, a tort claim in order to be timely must be filed within 90 days of its accrual, which is normally the date upon which the tort occurred.
While the court agrees that the period of limitation is generally computed from the time of the accrual of the right to relief, there are some exceptions, which postpone the operation of the limitation period. Often the right to a specific form of relief accrues only when a claimant is entitled to commence the particular action in question.. It has been generally held that where a demand is necessary to entitle a potential claimant to commence an action, the time in which the action must be commenced does not begin to run until the demand is made. (Queensboro Farm *647 Prods. v State of New York, 175 Misc 574, affd 262 App Div 426, affd 287 NY 797.)[1]
Here, the statute provides that no notice of intention or claim be filed, unless it appears that at least 30 days have elapsed since a demand was made for adjustment or payment. This has been held to create a condition precedent to the filing of a notice of intention or claim. (Jones v City Univ. of N. Y., 105 Misc 2d 1087.) Applying the above-cited rule to the facts of this case results in the accrual of the claim on May 30, 1981, 30 days after the demand had been made. The court, therefore, finds that the notice of claim filed in the Court of Claims on June 5,1981 is timely. The argument proffered by the State that such a construction could lead to claims being filed at late dates, resulting in prejudice to the State, is not without merit. However, any detriment to the State is outweighed by the prejudice to the claimant and the judicial system occasioned by the State’s construction. Under the State’s construction, claimant would have at most 60 days to file a claim. Reducing the time to file such claims would result in a plethora of motions to file late claims. The court also notes that it is far easier for the Office of the Attorney-General to have legislation passed ameliorating its plight, than for a single claimant to seek such legislation.
Accordingly, the motion to dismiss the State’s third affirmative defense is granted.[2]

. In Queensboro (supra), Judge Ryan of the Court of Claims held that the court did not obtain jurisdiction until the conditions set forth in section 12 of the Court of Claims Act, had been fulfilled.

. The court would point out that if the motion had been denied, the claimant could still have moved for relief pursuant to subdivision 6 of section 10 of the Court of Claims Act.