OPINION OF THE COURT
Adolph C. Orlando, J.
Claimant moves for an order pursuant to CPLR 3211 (subd [b]) dismissing the “third” and “fourth” affirmative defenses interposed by defendant in its answer.
On March 26, 1981, claimant Deborah C. Brinkley, while on the premises of the dormitory of the Hunter College School of Nursing, sustained physical injuries when a metal closet door fell and caused the damages complained of.
Pursuant to section 6224 of the Education Law claimant served a demand for adjustment of her claim on August 10, 1981.
The notice of intention to file a claim was filed with the clerk of this court on September 22,1981 and the Attorney-General was served on September 21, 1981. Thereafter, claimant filed the claim on January 4,1982 and served the Attorney-General on December 31, 1981.
*733 The “third” affirmative defense interposed states that the court lacks jurisdiction of the claim since the notice of intention to file a claim was not filed timely with the court nor served timely on the Attorney-General.
As to the “fourth” affirmative defense it cites the fact that the city university was not served with the notice of intention nor the claim.
Claimant argues that jurisdiction over city university claims is conferred upon this court by section 6224 of the Education Law. Essentially, claimant’s position is that since the claim is not against the State or any of its officers or employees but against the city university as a separate entity, the appropriate jurisdictional section is subdivision 4 of section 10 of the Court of Claims Act, which provides time limits for any other claim not otherwise provided by section 10 of the Court of Claims Act. Accordingly, it argues that the claim is timely in that the notice of intention was filed within six months of the accrual and the claim thereafter within two years.
The State argues that section 6224 of the Education Law incorporates by reference the jurisdictional requirements of subdivision 3 of section 10 of the Court of Claims Act and as such the claim is not timely, nor does the 30-day demand requirement extend the applicable filing period for a claim past the 90-day period from accrual or occurrence.
As to the “fourth” affirmative defense, claimant argues that there is no requirement either in the Education Law or the Court of Claims Act that requires service on the City University of New York (CUNY).
Defendant contends that CUNY must be served with a copy of the notice of intention within the 90-day period from accrual.
The court must of necessity consider the jurisdictional prerequisites of section 10 of the Court of Claims Act, together with section 6224 of the Education Law and on balance must determine if the threshold has been met on a motion to strike.
The Legislature has conferred jurisdiction of city university claims upon this court. Absent this grant the court would not possess such jurisdiction. It has, however, ere *734 ated a problem of nightmarish proportions both for litigants and the court alike.
As noted in earlier decisions of this court, CUNY possesses a separate and distinct entity from the State (Jones v City Univ. of N. Y., 105 Misc 2d 1087). It is not a State agency, an employer or officer of the State.
Subdivision 4 of section 6224 of the Education Law provides the Court of Claims with exclusive jurisdiction in determining claims in connection with causes of action sounding in tort that allegedly have been committed by a senior college, officer, agent or servant of employer’s of a senior college in the course of their employment.
The intent of the statutory language lends credence to the fact that CUNY as a separate entity must be sued in this court. It does not in any way indicate that it is part and parcel of the State of New York or its subdivisions.
Subdivision 3 of section 10 of the Court of Claims Act provides that a personal injury claim be filed within 90 days of accrual unless within 90 days a written notice of intention is filed and in that case claimant shall have two years to file such claim.
The defendant would have this court believe that since the action is one for personal injury, as is this claim, by reference subdivision 3 of section 10 of the Court of Claims Act applies, and accordingly, the affirmative defense is properly interposed. By analogy it cites the line of cases dealing with the New York State Thru way Authority where such rationale has been followed.
This court is of the opinion that subdivision 3 of section 10 of the Court of Claims Act does not incorporate by reference the provisions of subdivision 4 of section 6224 of the Education Law. The intent of the statute is to provide a proper forum for litigants and not to incorporate by reference time limits which have not been otherwise provided for. This section of the Education Law is one of recent vintage, intended primarily to streamline litigation rather than create any additional jurisdictional safeguards.
CUNY as a separate entity is totally distinct from the defendant herein and is liable for its own torts. As such, it does not come within the jurisdictional perimeter of subdi *735 vision 3 of section 10 of the Court of Claims Act. Rather, the appropriate subdivision is subdivision 4 where it provides for any other claims not otherwise provided by section 10 of the Court of Claims Act. Since CUNY is not the State, an employee nor an officer of such, the filing requirements of subdivision 4 of section 10 of the Court of Claims Act apply.
The accident occurred on March 26,1981, claimant could file and in fact did file a notice of intention within six months from accrual; 30 days after filing the demand for adjustment and the claim within two years thereafter (Education Law, § 6224, subd 2; Court of Claims Act, § 10, subd 4). The affirmative defense interposed has no merit and should be stricken.
Defendant’s “fourth” affirmative defense similarly has no merit. Subdivision 2 of section 6224 of the Education Law provides that a cause of action may not be maintained unless and until 30 days have elapsed since a demand setting forth the underlying basis of the action was presented for adjustment and it was refused or neglected to be adjusted. Claimant proceeded as the Education Law prescribes. The statute is silent as to any other period. Without elucidating on the procedural inconsistencies between the Education Law and the Court of Claims Act, it suffices to say that claimant did in fact file a notice of intention within six months and after 30 days of presentment of claim to CUNY.
There is no requirement that CUNY be served with either the notice of intention nor the claim filed in this court. Filing of the claim and service on the Attorney-General is sufficient for jurisdiction to attach (Court of Claims Act, § 11; Education Law, § 6224; Gass v City Univ. of N. Y., Ct of Claims, July 31, 1980, Blinder, J.).
Accordingly, claimant’s motion striking the “third” and “fourth” affirmative defenses is granted.