**PROPRIETORS INSURANCE COMPA-NY, a foreign corporation, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**ROBERTS AVIATION, INC., a Colorado corporation, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**Nos. 81–5565, 81–5566.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 1982.

Decided Sept. 23, 1982.

Rehearing Denied Nov. 29, 1982.

---

**7.** *See supra* note 5 and accompanying text.

Mare Johnston, Atty., Washington, D.C., for defendant-appellant.

Michael A. Beale, Phoenix, Ariz., argued, for plaintiffs-appellees; Paul G. Ulrich, Lewis & Roca, Jennings, Strouss & Salmon, Phoenix, Ariz., on brief.

Before CANBY and NORRIS, Circuit Judges, and LUCAS,* District Judge.

---

* The Honorable Malcolm M. Lucas, United States District Judge for the Central District of California, sitting by designation.

1. The Federal Tort Claims Act provides that the district courts have "exclusive jurisdiction of civil actions on claims against the United States ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any *employee* of the Government...." 28 U.S.C. § 1346(b) (1976) (emphasis added).

The term "employee" is defined to include officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty ... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United

NORRIS, Circuit Judge:

Samuel C. McQuade, a civilian security guard for the Arizona Air National Guard, negligently damaged a helicopter owned by appellee Roberts Aviation, Inc. and insured by appellee Proprietors Insurance Company. The question before us is whether McQuade was a federal employee for purposes of the Federal Tort Claims Act (FTCA).[1] The district court held that he was and entered judgment for the appellees. We REVERSE.

At the time of the accident, McQuade was employed as a security guard for the Arizona Air National Guard. He was supervised in his day-to-day activities by James R. Barr, a National Guard technician. Under the National Guard Technicians Act, 32 U.S.C. § 709 (1976 & Supp. IV 1980), a technician such as Barr is a federal employee covered by the FTCA.[2] The district court held that McQuade was also a federal employee and covered by the FTCA because "he was driving a truck owned by the federal government, guarding federal government property, and most importantly *was under the day to day control of a federal employee.*" *Roberts Aviation, Inc. v. United States,* No. 80–38–T–RMB, slip op. at 6 (D. Ariz. May 7, 1981) (unpublished order) (emphasis added).

■ Prior to enactment of the National Guard Technicians Act (Act), McQuade would not have been considered a federal

---

States, whether with or without compensation.
28 U.S.C. § 2671 (Supp. 1982).

2. The National Guard Technicians Act of 1968, Pub. L. No. 90–486, § 2(1), 82 Stat. 755 (1968) (codified at 32 U.S.C. § 709 (1976 & Supp. IV 1980)), converted all National Guard technicians into federal employees. *See also* H.R. Rep. No. 1823, 90th Cong., 2d Sess. 1 (1968), *reprinted in* 1968 U.S. Code Cong. & Ad. News 3318. Technicians are defined as persons involved in "(1) the administration and training of the National Guard; and (2) the maintenance and repair of supplies issued to the National Guard...." 32 U.S.C. § 709(a) (1976). They were made eligible for federal retirement, health insurance and fringe benefit programs by the Act and also received coverage under the Federal Tort Claims Act.

employee. Under *Maryland ex rel. Levin v. United States,* 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205 (1965), members of the National Guard not on active duty, although "caretakers" of federally-owned property and acting pursuant to federal regulations, are not federal employees for FTCA purposes. *Id.* at 53, 85 S.Ct. at 1300. The question before us is whether the same legislation which converted National Guard technicians into federal employees similarly changed the status of persons under their day-to-day control for FTCA purposes.[3] The district court's holding implies that it did. We disagree. The language and history of the Act convince us that Congress intended to elevate only technicians to the status of federal employees and not to change the status of other persons, "federal" only in that they are under the day-to-day supervision of technicians.

The purpose of the National Guard Technicians Act was to create for National Guard technicians a "retirement and fringe benefit program which will be both uniform and adequate." H.R. Rep. No. 1823, 90th Cong., 2d Sess. 2, *reprinted in* 1968 U.S. Code Cong. & Ad. News 3318, 3319. In so doing, Congress placed them within the coverage of the FTCA. Had Congress intended the Act also to affect persons under a technician's control we believe it would have made its intent explicit, as it did in bringing National Guard medical personnel under FTCA coverage. Act of Dec. 29, 1981, Pub. L. 97–124, 95 Stat. 1666. *See also* H.R. Rep. No. 97–384, 97th Cong., 1st Sess., *reprinted in* 1981 U.S. Code Cong. & Ad. News 2692; *Gnagy v. United States,* 634 F.2d 574, 578 (Ct. Cl. 1980) (National Guard Technicians Act granted federal employee status only to civilian technicians, not to military members of the Guard not in active service). Instead, Congress specifically limited the coverage of the Act by putting a ceiling on the number of "technicians," *see* H.R. Rep. No. 1823, 90th Cong., 2d Sess. 1 (1968), reprinted in 1968 U.S.

Code Cong. & Ad. News 3318. Such a limitation is inconsistent with the expansive view of the Act suggested by the appellees.

The judgment of the district court is REVERSED and the cause REMANDED for proceedings consistent with this opinion.

**3.** The district court held, and no one disputes, that McQuade was not a "technician" within the meaning of 32 U.S.C. § 709(d) (1976).

*Roberts Aviation, Inc. v. United States,* No. 80–38–T–RMB, slip op. at 4 (D. Ariz. May 7, 1981) (unpublished order).