OPINION OF THE COURT
Gerard M. Weisberg, J.
The principal issue raised on this motion to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act is whether the delay was excusable.
This is the second time this matter is before this court. On July 21, 1980, we held that the claim was timely filed for the reason that a claim against the City University of New York (CUNY) does not accrue until 30 days have elapsed from the presentation to it of a demand in accordance with the requirements of subdivision 2 of section 6224 of the Education Law (Jones v City Univ. of N. Y., 105 Misc 2d 1087, affd 85 AD2d 936, mot for lv to app granted 86 AD2d 989). Subsequent to that determination and subsequent to its unanimous affirmance, it was generally followed by other Judges of this court. (See, i.e., Brinkley v City Univ. of N. Y., 113 Misc 2d 732, revd 92 AD2d 805; Stern v City Univ. of N. Y., 111 Misc 2d 645.)
*941 In the interim, the Attorney-General, referring to the lower court’s opinion in Brinkley (supra), urged the Legislature to pass amendments which would make applicable to CUNY cases in the Court of Claims the same procedure applicable to cases against the State of New York. (Attorney-General’s Legislative Program, 1981-1982, Amended Memorandum No. 36-82.)
As a result, chapter 711 of the Laws of 1982 was enacted. Among other things, it repealed those portions of the Education Law on which the cited cases and others relied.
On November 9, 1982, the Court of Appeals unanimously reversed Jones and held, inter alia, that the new statute was retroactive, thereby making untimely all claims filed in accordance with the interpretation of the prior law. Leave was given to make the present application to file a late claim (Jones v City Univ. of N. Y., 57 NY2d 984).
To find under these facts that the claimant has no valid excuse for not timely filing would be ludicrous and eminently unfair. This is especially true in the case at bar where the original statute, even after its amendment, was and is imprecise. (See Gass v City Univ. of N. Y., Ct of Claims, July 29,1980, Blinder, J.; Bicjan v Hunter Coll. of City Univ. of N. Y., 116 Misc 2d 978.)
While the general rule is that “ignorance of the law is no excuse”, it is not an inflexible proposition. (See Matter of Lockwood, 99 Misc 2d 972.) Moreover, it should not be applied where a litigant could not possibly foresee what the law would be two years later, no more than could the Appellate Division and the several nisi prius Judges. As recently stated in another context, a retroactive “thunderbolt should [not] flash out of clear blue skies to strike down capable counsel and claimants who may have meritorious claims” (Wilson v State of New York, 117 Misc 2d 608, 612).
We therefore find that the delay in filing the claim was excusable.
The alleged injuries were sustained on November 15, 1979 and a “notice of claim” was filed with CUNY on January 8, 1980. Therefore, within 99 days defendant had notice of the essential facts constituting the claim and an *942 opportunity to investigate the underlying circumstances. There is no contention of prejudice and the proposed claim appears to be meritorious. (See Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1.) Although there may be another available remedy which is being pursued, this is but one of the six specified factors to be considered by the court and is not alone sufficient to defeat this motion. (See Bay Terrace Coop. Section IV v New York State Employees’ Retirement System Policemen’s & Firemen’s Retirement System, 55 NY2d 979; Rios v State of New York, 67 AD2d 744.)
Therefore, the claimant’s application is granted in accordance with the terms of the order signed herewith.