Michael G. HOLDINESS

v.

STATE OF LOUISIANA, et al.

Civ. A. No. 83–0900.

United States District Court,
W.D. Louisiana,
Monroe Division.

Oct. 5, 1983.

Paul Kidd, Monroe, La., for plaintiff.

Charles E. Welsh, Asst. Atty. Gen., John Halliburton, Asst. U.S. Atty., Shreveport, La., for defendants.

## RULING

NAUMAN S. SCOTT, Chief Judge.

This is an action by a former military member and civilian technician in the Louisiana Army National Guard against his immediate supervisor, Charles H. Dean, the general mechanic foreman at Company D, 528 Engineering Battalion, Monroe, Louisiana. Also named as defendants are various superior officers and administrators of the Louisiana Army National Guard, namely, Philip L. Arthur, Girard A. Mumphrey, A.M. Stroud, Jr., Joseph P. Roberts, Thomas O. Tyra, and the State of Louisiana.

Plaintiff alleges he was discriminatorily denied promotions within the unit, and specifically complains that Mr. Dean unfairly and maliciously gave him a low evaluation rating in job performance that subjected the plaintiff to an immediate transfer to another National Guard unit under a plan formulated by the National Guard Bureau to reduce the force in Monroe. Mr. Dean allegedly gave the evaluation rating solely because he disliked the plaintiff's father and wished to see the plaintiff leave town. As a result of the alleged retaliation against the plaintiff, damages are sought for lost wages and for the wrongful death of the plaintiff's father, who "died on December 23, 1982, solely and proximately as a result of his concern over the retaliatory actions taken by the defendant against petitioner." (Plaintiff's Petition, ¶ 32).

This suit was originally filed on March 14, 1983 in the Fourth Judicial District Court, Ouachita Parish, State of Louisiana, and thereafter removed to this court under 28 U.S.C. § 1441 et seq., on the grounds that the cause of action falls within the ambit of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346.

Various motions are now pending before this court, namely: (1) A Motion to Dismiss, or Alternatively for Summary Judgment

filed by the defendants, and (2) A Motion to Remand filed by the plaintiff. We decline to enter summary judgment for the defendants or remand the action to State court, but instead dismiss the action without prejudice for the following reasons.

## PLAINTIFF'S MOTION TO REMAND

Plaintiff has moved to remand the case to State court on the ground that this court lacks subject matter jurisdiction under 28 U.S.C. § 1346. It is argued that the defendants are not Federal employees within the meaning of the FTCA, but are employees of the State of Louisiana. Therefore, the FTCA is inapplicable, and we are without jurisdiction over the controversy. The plaintiff principally relies on *Maryland ex rel. Levin v. United States*, 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205 (1965), *vacated on other grounds*, 382 U.S. 159, 86 S.Ct. 305, 15 L.Ed.2d 227.

The question we decide here is whether the defendants are Federal employees for purposes of the FTCA.

█ The United States Supreme Court, overruling prior jurisprudence, has held that civilian caretakers, who are also members of the National Guard units, when acting in civilian capacities and not in active Federal service, were employees of the State. *Maryland ex rel. Levin v. United States, supra.* However, the National Guard Technicians Act of 1968, 32 U.S.C. § 709, 82 Stat. 755, has negated the effect of this decision and specifically states that such caretakers (now known as National Guard Technicians) are to be considered as employees of the Army or the Department of the Air Force, as the case may be, and employees of the United States. See *Proprietors Ins. Co. v. United States*, 688 F.2d 687, 688, fn. 2 (9th Cir.1982). We find that all defendants here are National Guard Technicians within the meaning of 32 U.S.C. § 709 because they are involved in the "administration and training of the National Guard," and therefore are Federal

employees as well.* As a result, they receive coverage under the FTCA.

Two of the defendants, Thomas O. Tyra and Joseph P. Roberts, who have not joined in any responsive pleadings, are alleged to be officers in the Louisiana Army National Guard. We treat them as military members and administrators of the Guard. The defendants, Charles H. Dean, Philip L. Arthur, and Girard A. Mumphrey are employed as National Guard Technicians under the provisions of 32 U.S.C. § 709. Mr. Dean was the plaintiff's immediate supervisor charged with evaluating his job performance. Mr. Arthur, also a Captain in the Louisiana National Guard, was the immediate supervisor of Mr. Dean and was responsible for discipline of National Guard Technicians assigned to his unit. Mr. Mumphrey, also a Colonel in the Louisiana Army National Guard, is designated as the Director of Manpower Management. He terminated the plaintiff as a National Guard Technician after the plaintiff was notified that his membership in the Louisiana Army National Guard was at an end. Mr. A.M. Stroud, Jr., also named as a defendant, is a Major General in the Louisiana Army National Guard, appointed by the Adjutant General of the Guard in the State of Louisiana. He is in charge of the employment and administration of the National Guard Technicians, and carried out the manpower reductions required by the National Guard Bureau under the authority of 32 U.S.C. § 709.

In sum, all defendants are Federal employees covered by the FTCA. We have jurisdiction over the instant action, and plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction must be denied.

## DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

█ The defendants have moved to dismiss the action on several grounds, more

---

* Of course, this does not include the State of Louisiana. It is immune from liability under the Eleventh Amendment as the record sounds before us. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

particularly because the plaintiff has failed to exhaust administrative remedies. Under the FTCA, the injured party must seek action with an appropriate Federal agency as a prerequisite to the institution of judicial proceedings. See *Ducharme v. Merrill National Laboratories,* 574 F.2d 1307 (5th Cir.1978), *cert. denied,* 439 U.S. 1002, 99 S.Ct. 612, 58 L.Ed.2d 677. Exhibit B of the defendants' Motion to Dismiss indicates that the plaintiff has failed to file any administrative claims with the United States Army Claims Service, the appropriate Federal agency, pursuant to 28 U.S.C. § 2675(a). Accordingly, we presently have no jurisdiction over the plaintiff's claim.

For the foregoing reasons, the plaintiff's Motion to Remand is DENIED. The defendants' Motion to Dismiss is hereby GRANTED, and it is ORDERED that the action be DISMISSED without prejudice.