OPINION OF THE COURT
Gerard M. Weisberg, J.
In this motion we must address the operation of three statutes: Court of Claims Act § 8-a, the Federal Tort Claims Act (28 USC § 1346 [b]) and the National Guard Claims Act (32 USC § 715).
Claimant, Rise Ferster, seeks permission to file a late claim under Court of Claims Act § 10 (6). She alleges that on October 17, 1984, she was struck by what appeared to be a vehicle belonging to the United States Army. Believing that she would have to proceed against the Federal Government for the injuries allegedly received, no claim against the State of New York was served and filed within 90 days of the incident as required by Court of Claims Act § 10. Subsequently, Ms. Ferster was notified by "Hartford Insurance” that the defendant, State of New York, had insured the vehicle in question. Based on this, claimant now contends that the truck that hit her was, in fact, owned and operated by the *334 State’s Division of Military and Naval Affairs and that the proper defendant in this action is the State of New York.
The defendant does not contest this motion on the ground that it did not own the truck which struck claimant. Rather, it argues that since "[u]pon information and belief’ the driver of the vehicle was an employee of the United States Government, Ms. Ferster is constrained to seek relief in a Federal forum under the Federal Tort Claims Act. This court does not have jurisdiction to proceed, it is urged.
The basis for this contention may be found in Court of Claims Act § 8-a. Prior to the enactment of that statute in 1953, the State had not waived its sovereign immunity with respect to claims for damages caused by torts of members of the militia, and the Court of Claims was without jurisdiction to hear such matters. (See, Goldstein v State of New York, 281 NY 396; Newiadony v State of New York, 276 App Div 59; see also, Herzog, Liability of the State of New York for "Purely Governmental Functions”, 10 Syr L Rev 30, 38-39.) Now, however, this court has jurisdiction over "torts of members of the organized militia and employees in the division of military and naval affairs of the executive department in the operation, maintenance and control of vehicles * * * owned by the state or issued or loaned or assigned to the state by the United States”. (Court of Claims Act § 8-a [1].) Significantly from the standpoint of this motion, the statute also provides that "[t]he waiver of immunity and the assumption of liability contained in this section shall not in any event apply in circumstances where under the laws of the United States liability has been or is hereafter assumed by the United States, to the extent of such assumption of liability under the laws of the United States.” (Court of Claims Act § 8-a [1].)
Defendant alleges Ricardo Perez, the driver of the vehicle that struck claimant, was employed as a Federal civilian technician under 32 USC § 709. In support of this contention, an "affirmation” of a "Military Personnel Specialist”, Clifford T. Stevenson, has been submitted (cf CPLR 2106) which states that Mr. Perez was so employed "since August 19, 1984”. Because of this status, the Federal Government is amenable to suit, it is urged. Liability against the State of New York is, therefore, precluded by the express language of Court of Claims Act § 8-a. Implicit in the argument is the fact that if this court is without jurisdiction to proceed, claimant’s late claim motion cannot be said to have merit and should be denied.
*335 A member of the New York Army National Guard is an employee of the State of New York, not the Federal Government. (Sadowski v State of New York, 51 Misc 2d 832.) Any compensation received by New York from the United States Government to pay members of its National Guard is transferred merely as an accommodation between the two entities and does not create Federal employment status. This rule conforms to the general principle that unless ordered into Federal service, members of the militia of the respective States are State employees. (Maryland v United States, 381 US 41, 48; Dover v United States, 192 F2d 431; Bloss v United States, 545 F Supp 102, 104.)
On the other hand, the Federal Government does employ "technicians” whose responsibilities include "the maintenance and repair of supplies issued to the National Guard”. (32 USC § 709 [a] [2].) While so employed, these persons must generally be members of the National Guard. (32 USC § 709 [b]; see, Gnagy v United States, 634 F2d 574, 578.) Under a 1968 amendment to the statute, a "technician” is deemed an employee "of the Department of the Army or the Department of the Air Force, as the case may be, and an employee of the United States.” (32 USC § 709 [d].) This change effectively overruled a holding to the contrary by the Supreme Court in Maryland v United States (381 US 41, 51-53, supra; see, DiLuigi v Kafkalas, 584 F2d 22, 24, cert denied 440 US 959; Holdiness v State of Louisiana, 572 F Supp 763, 764; Witter v Pennsylvania Natl. Guard, 462 F Supp 299, 303-304).
In light of the foregoing, a factual question arises. At the time of the accident, was Mr. Perez operating the vehicle in question in his capacity as a member of the New York National Guard or as a Federal employee under 32 USC § 709? Defendant, in support of the applicability of that statute, has submitted an affirmation by its attorney. This statement is made by an individual having no firsthand knowledge of the facts and can be afforded little, if any, weight. (Bruno v Bruno, 60 AD2d 788.) Affixed to the affirmation is a "Scope of Employment Statement” signed by Steven Rinella, a "General Mechanic Foreman”. This indicates that on October 17, 1984, Mr. Perez was "employed under Title 32 USC section 709.” However, the nature of the document and its authenticity are nowhere established. Moreover, although Mr. Rinella is referred to as the "superior” of the driver, his authority to make statements and the basis of his knowledge with respect to Mr. Perez’s employment status are not described. Thus, the unver *336 ified writing in question cannot be deemed determinative of this motion. (See, Fink v State of New York, NYLJ, Sept. 17, 1981, p 12, col 5.) Also, the affirmation of Mr. Stevenson fails to allege that Mr. Perez was operating the vehicle within the scope of his job as a Federally employed "technician” and in no way establishes the applicability of the Federal Tort Claims Act.
In addition, the possibility exists that the National Guard Claims Act (32 USC § 715) may be applicable to this incident. (See, Rhodes v United States, 574 F2d 1179.) That statute, in pertinent part, allows a recovery of up to $100,000 for personal injury caused by a member of the Army National Guard while engaged in "training or duty” and "acting within the scope of his employment.” (32 USC § 715 [a] [3].) The parties have not addressed this issue, however, and we make no ruling concerning whether jurisdiction has been preempted by that statute. We also note that a person who is merely supervised by a "technician” is not himself an employee of the United States and torts of such person will not give rise to liability under the Federal Tort Claims Act. (Proprietors Ins. Co. v United States, 688 F2d 687.) Whether or not such "supervised” status existed with respect to Mr. Perez has not been considered by the parties or determined by the court. (Cf. Watson v State of New York, 5 AD2d 39.)
We conclude that at this stage defendant has not demonstrated that this court lacks jurisdiction to proceed. It is not, however, precluded from making a motion for summary judgment at such time as it deems necessary.
Claimant has shown that her claim appears to be meritorious with respect to the threshold requirements of the No-Fault Law. (See, Insurance Law § 5104; Matter of Edwards v State of New York, 119 Misc 2d 355; see also, Licari v Elliott, 57 NY2d 230.)
The failure to file is inexcusable and for the purpose of this motion only we also find that claimant may have another available remedy involving the driver of the vehicle. Neither of these factors standing alone would be sufficient to defeat this motion. (Matter of Butler v State of New York, 81 AD2d 834; Jones v City Univ. of N. Y., 118 Misc 2d 940.) In this case, neither are they sufficient collectively to deprive claimant of her day in court. (Bakalo v State of New York, Ct Cl, Aug. 17, 1983, Weisberg, J.)
The other four statutory elements are favorable to claimant. *337 Indeed, defendant does not contend otherwise. Specifically, we find that the defendant had notice of the essential facts, that it had the opportunity to investigate, that the circumstances of the incident give the appearance of a meritorious claim and that there is no substantial prejudice.
Based upon the majority of the factors and the totality of the circumstances, the motion should be and is granted. (Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys., Policemen’s & Firemen’s Retirement Sys., 89 AD2d 992 [on remand from 55 NY2d 979]; Rios v State of New York, 67 AD2d 744.)