■ Society of the New York Hospital, Appellant, v. State of New York, Respondent.— Appeal by claimant, a charitable corporation engaged in the operation of a general hospital, from an order of the Court of Claims denying its motion returnable on August 13, 1963 for leave to file a late claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. On February 26, 1959 the parties entered into a written contract for the purchase by the State of a portion of claimant's premises which, in part, provided: "The State will duplicate the present entrance facilities, including the gatehouse and garage, in every respect at the new entrance to the Society's grounds". Thereafter a dispute arose as to the work which was contemplated by the above-quoted contract provision. The claimant construed it to obligate the State to landscape the grounds surrounding the new entrance facilities torn up in the course of construction, to install and paint fencing along the new property line of the hospital premises and to erect gate installations at the new entrance to match those existent at the old. The public officials charged with its interpretation, including those who prepared it, could find nothing in its terms which imposed responsibility on the State to perform these items of work. During the period between November, 1960 and August, 1961 the respective positions of the parties were indicated in an exchange of letters and in oral discussions. The contractor employed by the State to perform the contract withdrew from the hospital premises on or about October 1, 1961; the State's supervising engineer followed soon thereafter. The work in dispute thereupon

was performed by claimant at a cost of $65,131.04, reimbursement for which is sought in the proposed claim. It is not disputed that the claim accrued on October 1, 1961. The supporting affidavit of claimant's counsel states that during the ensuing six months within which a claim or notice of intention could have been timely filed (Court of Claims Act, § 10, subd. 4) the parties agreed to discuss a reconciliation of their differences and that their discussions culminated in the arrangement of a conference between him and the representatives of the State on October 17, 1962 at which they " categorically rejected any voluntary compromise of the Hospital's claim ". The affidavit attributed the delay in filing to his anticipation that the conference would result in a mutually satisfactory settlement. The court below found that a reasonable excuse for the delinquency in filing had not been demonstrated. That the State had not been prejudiced by the delay and that it had actual knowledge of the facts constituting the claim are immaterial. The third concomitant element of the statute must also be complied with. (§ 10, subd. 5, *supra*; *Landry* v. *State of New York*, 1 A D 2d 934, affd. 2 N Y 2d 927.) The matter of granting or denying the application was a discretionary one. It cannot be said that the Court of Claims abused its discretion in deciding that a showing of claimant's anticipation that a negotiated settlement of the claim would be achieved — at best a tenuous expectation in the light of the State's consistent position evinced by word and deed during the months prior to its accrual — presented no reasonable excuse for the failure to file within the statutory period. Order affirmed, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.