Anthony F. Zagame, J.
Plaintiff, a graduate student at Queens College, brings this action seeking judgment for $110 claiming an alleged overcharge of tuition. In May, 1969, plaintiff registered for three chemistry courses to be offered at Queens College in the fall of 1969 as outlined in the college’s published curriculum. On June 23, 1969 the Board of Higher Education passed a resolution increasing the fees at all units of the City University. Though plaintiff had paid and received a receipted bill for the total amount of this tuition pursuant to the published curricula, prior to June 23, 1969, he was sent an adjusted bill in August, 1969 for an additional $110 which he paid by check indorsed “ under protest.” No reservations or other conditions were set forth either in the published curricula of the college or the receipted bill given to the plaintiff when he registered for the fall term courses.
The language and the figures set forth in the published curricula constituted a firm offer and there was a firm acceptance by the plaintiff when he registered and paid the tuition set forth and received a receipt therefor.
The defendant contends that plaintiff is subject to any subsequent action taken by the Board of Higher Education which is empowered under section 6202 of the Education Law to deter *187 mine tuition and fees with respect to units under its control. The court has neither the power to limit nor expand upon the powers given the Board of Higher Education by the Legislature under the Education Law and will not pre-empt the granting to itself of any such power.
However, the court fails to envision how the language of section 6202 of the Education Law can confer on the defendant any right to abrogate a contract which it has validly entered into under the conditions and pursuant to the considerations promulgated by the defendant itself. This court does not have the power to confer administrative discretion upon the defendant to either abrogate or violate the terms or conditions of a valid contract.
The rights of the parties have been spelled out by the language contained in the defendant’s published curricula and the language contained on the receipt issued to the plaintiff when he enrolled for the courses hereinbefore referred to. There is no language ambiguity in either of these instruments that needs further construction by the court and the rights of the parties are clearly spelled out therein.
Defendant contends that the “ tuition charges are dependent on budgetary allotments from the City which are often late in coming.” The court has neither the intuition nor the power to correct any legislative or administrative shortcomings or delays, if there be any, in budgetary allotments and the existence of such a condition cannot be implied in the contract which is complete in all its other terms. This matter may be distinguished from Drucker v. New York Univ. (59 Misc 2d 789) in that here the defendant (educational institution) has breached the contract rather than the student (plaintiff). Judgment for the plaintiff in the amount of $110.