■ YOUNGSTOWN PNEUMATIC CONCRETE Co., Appellant, v STATE OF NEW YORK, Respondent. Appeal from an order of the Court of Claims, entered June 25, 1975, which denied claimant's motion for permission to file a late claim. Claimant, a foreign corporation, performed certain work pursuant to a contract with the State to rehabilitate a bridge in Tioga County, but protested the final estimate submitted to it in January of 1974 following completion of the project. When the State tendered a final payment check in May of 1974, it was returned by claimant with a letter demanding additional moneys based on specified delays during the course of the enterprise which it attributed to the State. A letter dated May 29, 1974 from the Department of Transportation responded that "Matters of this nature are quite complex, requiring extensive reviews by various elements of this Department. However, we will make every effort to expedite resolution of your dispute and reply as soon as possible." Claimant next heard from the State near the end of December of that year when its demand for further payment was rejected. In April of 1975 claimant then applied for permission to file a claim against the State under the provisions of subdivision 5 (now subd 6) of section 10 of the Court of Claims Act contending that the quoted language constituted a reasonable excuse for its failure to have filed such a claim as of right within the statutory period of six months (Court of Claims Act, § 10, subd 4). Relief was denied and this appeal ensued. The record demonstrates that regardless of the date upon which the asserted claim may have accrued, the State possessed actual knowledge of the essential facts thereof within six months and was not prejudiced by claimant's failure to file either a notice of intention or the claim itself during that period. Nevertheless, the Court of Claims has quite properly found that the additional requirement of showing a reasonable excuse for this inaction was not met by claimant. Although this case differs from the situations presented in *De Marco v State of New York* (43 AD2d 786, affd 37 NY2d 735) and *Modern Transfer Co. v State of New York* (37 AD2d 756) because here there was some communication between the State and a potential claimant within the limited filing period, the letter of May 29, 1974 hardly amounts to an assurance that some settlement would be reached or even that negotiations in that direction would take place. Claimant recognizes that its ignorance of the law would not be a sufficient excuse of itself *(La Bar Truck Rental v State of New York* 52 AD2d 1007; *Modern Transfer Co. v State of New York, supra),* and we fail to perceive how its status as a foreign entity unrepresented by counsel amounts to anything more than a self-serving plea based on such ignorance in a futile attempt to distinguish its position from the similar factual pattern of *Society of N. Y. Hosp. v State of New York* (21 AD2d 733). Order affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.