■ BAY TERRACE COOPERATIVE SECTION IV, INC., Respondent, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM, Appellant. — In a claim accruing in Queens County to recover damages for breach of contract, defendant appeals from an order of the Court of Claims, dated September 20, 1979, which, upon the claimant's motion, *inter alia,* to file a late claim, dismissed defendant's first affirmative defense (that the claim was untimely filed) and granted claimant leave to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act. Order reversed, on the law, without costs or disbursements, motion denied, and claim dismissed for failure to timely file a claim. Claimant is the net lessee and mortgagor of certain property in Queens County. Defendant is the assignee of the mortgage. Both parties agree that claimant is responsible for the payment of all real estate taxes, water charges and sewer rents. However, the parties provided in the mortgage agreement that claimant would deposit with defendant a sum of money equal to those charges, and defendant would pay the charges and rentals on behalf of claimant. Defendant arranged to have itself named on the bills and to have the bills sent directly to it. In a proceeding unrelated to this action, claimant applied for a tax abatement pursuant to the New York City Administrative Code in connection with certain improvements which claimant had made. On April 21, 1977 the New York City Department of Finance notified claimant that there was a delinquency in the payment of certain taxes and that unless they were paid within 10 days from the date of the communication, proceedings on the tax abatement application would be suspended. In order to avoid this consequence, on April 29, 1977 claimant paid the taxes and charges directly notwithstanding defendant's obligation to pay them. In addition, in order to obtain a bill marked "Paid" claimant was required to pay interest in the sum of $2,468.77 as a penalty for late payment of these taxes and charges. The interest constitutes the subject matter of the instant claim. On May 26, 1977 claimant wrote to defendant advising it of its delinquency in the payment of claimant's water charges and sewer rents and demanded immediate reimbursement. Defendant has disclaimed respon-

sibility for the interest payment. It is defendant's position that it only received one bill for the period in question, on May 19, 1977, and that it forwarded payment for that bill to the city on May 25, 1977. Defendant then charged the entire amount (which included the interest penalty) to claimant's escrow account. Claimant was subsequently repaid by the city for the sums it had forwarded. However, despite demand therefor, defendant failed to credit claimant's escrow account for the amount of the interest or penalty assessed by the city for the late payment. On March 17, 1978 claimant commenced an action in the Civil Court of the City of New York, County of Queens, to recover the interest. Defendant interposed an answer and alleged in its first affirmative defense that the Court of Claims had exclusive jurisdiction. Claimant asserted that this was the first time it had notice that its mortgagee was an arm of the State of New York. Upon receipt of the answer, it filed with the Attorney-General a notice of intention to file a claim and on August 21, 1978 served a copy of its claim upon the Attorney-General. Claimant moved in the Court of Claims to dismiss defendant's first affirmative defense, that the claim was untimely filed, and for leave to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act. The court granted claimant such relief, and defendant has appealed. We reverse. Subdivision 6 of section 10 of the Court of Claims Act directs the court, in determining whether to permit late filing of a claim, to consider, among other factors, the following: (1) whether the delay in filing the claim was excusable; (2) whether the State had notice of the essential facts constituting the claim; (3) whether the State had an opportunity to investigate the circumstances underlying the claim; (4) whether the claim appears to be meritorious; (5) whether the failure to file a timely claim resulted in substantial prejudice to the State; and (6) whether the claimant has any other available remedy. The Court of Claims erred when, in weighing the prescribed factors, it did not consider claimant's failure to set forth a satisfactory excuse for not timely filing the claim. The mortgage had been assigned in 1958 to the Comptroller of the State of New York. Furthermore, correspondence mailed in 1974 to the accounting firm representing claimant was signed by the State Comptroller. Similarly, a letter dated November 1, 1977, written on claimant's behalf by its management firm seeking a refund from the City of New York for the duplicate payment, contained a photostat of a check from the State of New York Common Retirement Fund. Finally, the address for defendant in claimant's demand letter as well as on the Civil Court summons is stated as "Governor Smith State Office Building, Albany, New York." As such it is impossible to believe that claimant was unaware of the fact that an arm of the State of New York might be involved in this lawsuit. Claimant, having failed to show any excuse for its delay in filing a claim, has not satisfied the criteria set forth in subdivision 6 of section 10 of the Court of Claims Act. Therefore, the Court of Claims order must be reversed, the motion denied, and the claim dismissed as untimely. Lazer, J. P., Mangano, Cohalan and Margett, JJ., concur.