■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE L. MITCHELL, Appellant. — Motion by respondent for reargument and reconsideration of the appeal by the defendant from a judgment of the County Court, Suffolk County, rendered April 28, 1981, which was modified by order of this court, dated June 21, 1982 [88 AD2d 982]. Motion for reargument granted; and upon reargument, decision and order, both dated June 21, 1982, recalled and vacated and the following decision substituted: Appeal by defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered April 28, 1981, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence as a second felony offender. Judgment affirmed. It is apparent from a perusal of the transcript of the stenographic minutes of sentence in the County Court, Suffolk County, on February 21, 1975 (Indictment No. 429/74), received upon this motion, that the defendant's request to be granted youthful offender treatment was denied. The appellant was properly sentenced as a second felony offender pursuant to CPL 400.21. We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Gulotta, Brown and Niehoff, JJ., concur.

## (September 20, 1982)

■ BAY TERRACE COOPERATIVE SECTION IV, INC., Respondent, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM, Appellant. — In a claim accruing in Queens County to recover damages for breach of contract, defendant appeals from an order of the Court of Claims (Amann, J.), dated September 20, 1979, which, upon the claimant's motion, inter alia, to file a late claim, dismissed defendant's first affirmative defense (that the claim was untimely filed) and granted claimant leave to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act. By order dated February 9, 1981, this court reversed that order, on the law, denied the motion and dismissed the claim for failure to timely file a claim, on the ground that "[c]laimant, having failed to show any excuse for its delay in filing * * * has not satisfied the criteria set forth in subdivision 6 of section 10 of the Court of Claims Act" (80 AD2d 571, 572). On February 18, 1982, the Court of Appeals reversed the order of this court and remitted the case to us for the exercise of our discretion; stating that a determination could not be made as a matter of law solely on the presence or absence of any one factor, and that the absence of a reasonable excuse for the failure to file a late claim could not be considered a sine qua non for the granting of the relief (55 NY2d 979). Order affirmed, without costs or disbursements. Here, where the majority of the enumerated factors are in favor of the claimant, the Court of Claims cannot be said to have abused its discretion by granting the application to file a late claim (see, e.g., Eagle Ins. Co. v State of New York, 71 AD2d 726; Rios v State of New York, 67 AD2d 744; Matter of Butler v State of New York, 81 AD2d 834). Lazer, J. P., Mangano, Niehoff and Rubin, JJ., concur.