OPINION OF THE COURT
Gerard M. Weisberg, J.
In a tort action against the State of New York, a claim must be served and filed within 90 days of accrual except where a notice of intention to file a claim is served and filed within that period. In that case, the time for the serving and filing of the claim is extended to two years from the date of accrual. (Court of Claims Act § 10 [3].)
Relief from noncompliance may be obtained in two instances. One is by seeking permission from the court to file a late claim under Court of Claims Act § 10 (6). The other involves situations where a notice of intention may be deemed to be a claim under the doctrine of Chalmers & Son v State of New York (271 App Div 699, affd 297 NY 690).
In the instant case we are called upon to determine whether a notice of intention which has been timely served but not filed may be deemed a claim.
Claimant was allegedly injured on April 19, 1982. A notice of intention was, according to Ms. Matson’s attorney, “duly filed with defendant” on June 30, 1982. However, we take judicial notice of the papers in this case and find that no notice of intention was ever filed with this court. (See, Fisch, New York Evidence § 1065 [2d ed].)
The filing requirements of the Court of Claims Act are jurisdictional and may not be waived by either party. (See, e.g., Lurie *944 v State of New York, 73 AD2d 1006, affd 52 NY2d 849.) Failure to file a notice of intention with this court creates a jurisdictional defect even where a claim is subsequently filed within the two years prescribed by Court of Claims Act § 10 (3). (Matter of Welch v State of New York, 71 AD2d 494, Iv denied 50 NY2d 802.)
“When * * * the legislature in granting permission to prosecute an action against the state required notice of intention to be filed, that condition must be complied with in order to subject the state to an action.” (Buckles v State of New York, 221 NY 418, 424.) Since jurisdiction is lacking, this court does not, at this point in this action, have the power to grant the relief sought. This is so even though the notice of intention was timely served on the defendant. (See, Matter of Welch v State of New York, supra.)
Upon the foregoing, claimant’s motion is denied without prejudice to making an application pursuant to Court of Claims Act § 10 (6). We take no position at this time with respect to any of the factors specified in that statute. (See, Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys., 89 AD2d 992, on remand from 55 NY2d 979.)