■ HOWARD PRUSACK et al., Appellants, v STATE OF NEW YORK et al., Respondents. (Motion No. M-31086.)—In a claim to recover damages for breach of contract, claimants appeal from an order of the Court of Claims (Orlando, J.), dated July 25, 1984, which denied their motion for leave to file a late claim pursuant to Court of Claims Act § 10 (6).

Order affirmed, with costs.

Claimants, graduates of various medical schools in Mexico who, in order to qualify for internship and residency positions with American hospitals, were required to undergo a one-year program of study in the United States, were accepted into an academic program offered by the State University of New York at Stony Brook. The acceptance letters, dated in February 1983, indicated that the tuition for the 1983-1984 term would be $6,000, and claimants apparently complied with the terms of the letter requiring them to sign and return it to the university within two weeks, together with a deposit, in order to secure their places in the program. Claimants were thereafter notified by letters dated June 17, 1983, that the State Legislature had approved an immediate tuition increase to $9,000 per year. The increased tuition was paid by each of the claimants. However, the university was informed that at least two of the students enrolled in the program believed they should be reimbursed for the additional $3,000. In August 1983 claimant Prusack contacted a law firm regarding the possibility of legal redress, and he was informed of the six-month period within which it would be necessary for him to file a claim against the State (see, Court of Claims Act § 10 [4]). Claimants decided to refrain from instituting a lawsuit at that time. In February 1984 claimants made the instant application for permission to file a late claim for breach of contract, which application was denied.

The Court of Claims determination that the State had notice of the essential facts constituting the claim and an opportunity to investigate the circumstances underlying the claim and therefore would not be prejudiced by claimants' failure to timely file is not challenged, nor is the court's finding that claimants have no other remedy refuted (see, Court of Claims Act § 10 [6]).

Where, as here, a majority of the facts enumerated in the statute are in favor of claimants, permission to file a late

claim is typically granted (see, Lachica v State of New York, 101 AD2d 881; Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys., 89 AD2d 992). However, it would be futile to permit the filing of a legally deficient claim which would be subject to immediate dismissal, even if the other factors tend to favor the granting of the request (see, Rosenhack v State of New York, 112 Misc 2d 967, 969; Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1, 10). The Court of Claims properly determined that claimants did not present a claim which "appears to be meritorious" (see, Court of Claims Act § 10 [6]). The relationship between claimants and the university is contractual in nature (see, State of New York v Fenton, 68 AD2d 951; Eden v Board of Trustees, 49 AD2d 277). The rights and obligations of the parties, as contained in the university's bulletins, became a part of the parties' contract (see, Matter of Auser v Cornell Univ., 71 Misc 2d 1084; Silver v Queens Coll. of City Univ., 63 Misc 2d 186), and since specific disclaimers were included in the bulletins provided to claimants to the effect that the tuition charges were subject to change, the State was not contractually obligated to adhere to the initial $6,000 charge (see, Eisele v Ayers, 63 Ill App 3d 1039, 381 NE2d 21; Basch v George Washington Univ., 370 A2d 1364 [DC App]). Therefore, no breach of contract occurred, and claimants would not be entitled to relief if the late filing of the claim were permitted.

Furthermore, the excuses proffered by claimants for their failure to timely make a claim against the State are unpersuasive, as the belief that the making of such a claim could jeopardize their future careers does not constitute a reasonable excuse (see, Kozak v State of New York, 35 AD2d 909). Nor is their anticipation of settlement sufficient to excuse the delay in filing (see, Youngstown Pneumatic Concrete Co. v State of New York, 55 AD2d 776; Society of N. Y. Hosp. v State of New York, 21 AD2d 733). Therefore, it was a proper exercise of discretion for the Court of Claims to deny. claimants' application. We have examined claimants' remaining contentions and find them to be without merit. Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.