OPINION OF THE COURT
Gerard M. Weisberg, J.
This is claimant’s motion for permission to serve a late "Notice of Claim” pursuant to General Municipal Law § 50-e (5). There is no such paper as a "Notice of Claim” in Court of Claims practice, nor does the General Municipal Law apply. (See, Spinella v State of New York, NYLJ, Apr. 20, 1988, at 13, col 1.) Inasmuch as the defendant has treated this as an application to serve and file a late claim pursuant to Court of Claims Act § 10 (6), I shall rule on it as if it were.
From the papers, it appears that in 1991 claimant and Kingsboro Psychiatric Center (Kingsboro), a facility owned and operated by the State of New York (see, Mental Hygiene Law § 7.17), entered into a contract pursuant to which claimant was to provide bus service to Kingsboro. The contract period was from July 1,1991 to June 30,1992. The contract did not provide for a renewal. Defendant concedes in its papers that this contract was filed with and approved by the Comptroller of the State of New York.
On September 22, 1992, the parties entered into a second contract which extended the first contract from July 1, 1992 to June 30, 1993. Defendant also acknowledges that this contract was filed with and approved by the Comptroller and that approximately $4,200 is still owed under it. Thereafter, on July 1, 1993, the parties entered into a third contract which extended the first from July 1,1993 to June 30, 1994. Claimant alleges that it performed this last contract but that defendant has refused to pay it some $30,000 earned thereunder. Defendant responds, and claimant does not contest, that this third contract was not filed with nor approved by the Comptroller. *308 Defendant argues, therefore, that the contract is unenforceable under State Finance Law § 112 (2).
As indicated above, claimant now seeks to file a late claim. Court of Claims Act § 10 (6) specifies a number of factors which I must review in order to pass upon such an application. I shall address them seriatim. The first is whether the delay in filing the claim was excusable. Claimant’s reason was that it and the State were engaged in settlement negotiations. This is insufficient. (See, Society of N. Y. Hosp. v State of New York, 21 AD2d 733, lv denied 14 NY2d 490.) Moreover, claimant could have filed a notice of intention to file a claim without commencing suit while still negotiating and thereby have preserved its rights. (See, Court of Claims Act § 10 [4].) As to notice, opportunity to investigate and substantial prejudice, defendant concedes that it had notice contemporaneously with the alleged breach.* It therefore had an opportunity to investigate and will suffer no substantial prejudice if the application is granted. I also note that claimant has no alternative remedy.
That brings me to the question of an appearance of merit, often the most important factor because it would be an exercise in futility to allow the filing of a meritless claim. (Prusack v State of New York, 117 AD2d 729.) As indicated above, defendant has conceded that claimant is owed approximately $4,200 under a contract filed and approved by the Comptroller. That obviously alleges a valid cause of action. As to the balance sought, defendant has asserted, without contradiction by claimant, that the third contract here was not filed nor approved by the Comptroller.
Effective September 1, 1992, State Finance Law § 112 (2) (a) provides: "Before any contract made for or by any state department, board, officer, commission, or institution, shall be executed or become effective, whenever such contract exceeds ten thousand dollars in amount, it shall first be approved by the comptroller and filed in his office.” Thus, claimant’s apparent failure to file the contract with, and obtain the approval of, the Comptroller, renders the third contract unenforceable. (Westgate N. v State Univ., 77 Misc 2d 611, affd without opn 47 AD2d 1004, lv denied 36 NY2d 647.) Moreover, the State cannot be estopped to invoke the protection of this statute for that would defeat its purpose: the protection of the public from improvi *309 dent or unfunded contracts. (See, Matter of Konski Engrs. v Levitt, 69 AD2d 940, affd on opn below 49 NY2d 850, cert denied 449 US 840; Deverho Constr. Co. v State of New York, 94 Misc 2d 1053.)
Be that as it may, State Finance Law § 112 (2) only precludes recovery under an unapproved and unfiled contract in an amount in excess of $10,000; it does not preclude enforcement of a contract in an amount less than or equal to $10,000, nor a recovery in tort in any amount. Thus, in Parsa v State of New York (64 NY2d 143), the Court of Appeals ruled that a claimant precluded by the State Finance Law from a recovery under contract could still recover under the theory of quasi contract, there specifically for money had and received. Similarly, in 230 Park Ave. Assocs. v State of New York (165 Misc 2d 920), I recently held that where the State held over as a tenant under an unapproved lease extension, the landlord could recover use and occupancy under the theory of unjust enrichment for the State’s trespass. The theory of both of these cases is that quasi contract is often not a true contract at all but a cause of action in tort that allows for contract damages to prevent unjust enrichment and to make the claimant whole. (Cf., Kennedy v City of New York, 196 NY 19.)
Here, defendant has engaged in no tortious conduct. Therefore, to allow claimant to recover the full amount sought in quantum meruit for providing the bus services under an unapproved contract might well result in the same harm section 112 was designed to prevent. However, the State Finance Law does not require the filing nor approval of contracts not exceeding $10,000. Thus, to allow claimant to seek recovery up to $10,000 for services rendered under the theory of quasi contract would violate neither the letter nor the spirit of State Finance Law § 112 (2).
For the foregoing reasons, the motion is granted to the extent that claimant may serve and file a claim containing two causes of action: one for any monies outstanding under the July 1, 1992 to June 30, 1993 contract; and up to $10,000 under the July 1, 1993 to June 30, 1994 contract.

 The date of accrual of the claim is not alleged. Thus, I cannot tell if this application is made within the Statute of Limitations. However, defendant has not challenged that point. I will therefore not pass upon the issue at this time.