■ NEVINS REALTY CORP., Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 92604.) [658 NYS2d 132] —In a claim to recover money allegedly due under a lease agreement, (1) the claimant appeals, as limited by its brief, from so much of an order of the Court of Claims (King, J.), dated June 6, 1996, as denied that branch of its motion which was for summary judgment, and (2) the defendant cross-appeals from so much of the same order as granted, in part, that branch of the claimant's motion which was to amend the claim and conditionally granted the defendant's cross motion for summary judgment dismissing the claim unless the claimant filed, within 45 days, supplemental papers in support of its motion to amend the claim to add a cause of action to recover for unjust enrichment.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, that branch of the claimant's motion which was to amend the claim is denied, the defendant's cross motion for summary judgment is granted, and the claim is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The Court of Claims correctly denied the claimant's motion for summary judgment. The reduction in the space occupied by the defendant in the claimant's building varied the terms of the approved lease and, accordingly, required an independent approval of the State Comptroller to be valid. Since approval was not obtained, the State is not liable for the rents now alleged by the claimant to be outstanding *(see,* State Finance Law § 112 [2] [a]; *City of New York v State of New York,* 87 NYS2d 982).

The claimant may not maintain a cause of action to recover for unjust enrichment by the State under the circumstances of this case *(see, Rosefsky v State of New York,* 205 AD2d 120; *cf., Parsa v State of New York,* 64 NY2d 143). Therefore, the Court of Claims erred when it granted, in part, the claimant's motion to amend the claim to add that cause of action and conditionally granted the State's cross motion for summary judgment

unless the claimant filed supplemental papers to support the claim. Accordingly, the claim must be dismissed. Mangano, P. J., O'Brien, Ritter and McGinity, JJ., concur.