■ SHLP ASSOCIATES, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 88873.) [692 NYS2d 421] —In a claim to recover money allegedly due under a lease, the claimant appeals from an order of the Court of Claims (Mega, J.), entered May

21, 1998, which granted the defendant's motion for summary judgment dismissing the claim.

Ordered that the order is affirmed, with costs.

The State leased certain property from the claimant. Upon the expiration of the lease, the State continued to occupy the premises, paying the same rent as set forth in the expired lease, while attempting to negotiate a new lease. While it reached a tentative agreement as to lease terms with the claimant, the new lease was not approved by the State Comptroller, and the State vacated the premises. The claimant now seeks, among other relief, damages representing the difference between the amount due under the terms of that tentative agreement and the amount paid by the State as a holdover tenant.

Contrary to the claimant's contention, upon determining that the claimant permitted the State to remain in possession of the premises and absent any oppression, extortion, or deceit on the part of the State, the Court of Claims correctly found that a contract implied-in-fact was created (*see, Parsa v State of New York,* 64 NY2d 143, 148). Since approval of the new lease terms was not obtained from the State Comptroller, the State is not liable for the difference between the rental amount set out in the proposed lease and the amount it paid as a holdover tenant pursuant to the terms of the now-expired lease, or the difference between the alleged fair market rental value of the premises and the rent actually paid (*see,* State Finance Law § 112 [2] [a]; *City of New York v State of New York,* 87 NY2d 982; *Nevins Realty Corp. v State of New York,* 240 AD2d 480). Moreover, the claimant, as a party contracting with the State, is chargeable with knowledge of the statutes which regulate the State's contracting powers and is bound by them (*see, Parsa v State of New York, supra,* at 147).

Finally, there is no merit to the claimant's attempt to circumvent State Finance Law § 112 by asserting that the State's holdover tenancy entitled it to damages for reasonable use and occupancy. While it has been held that where the State is guilty of trespass, a landlord can recover use and occupancy under a theory of unjust enrichment (*see, Matter of Professional Charter Servs. v State of New York,* 166 Misc 2d 306), here, the State continued possession of the premises with the consent and permission of the claimant who continued to accept the previously agreed-upon rent, thus constituting a holdover tenancy, not trespass (*see,* Real Property Law § 232-c). Accordingly, the Court of Claims correctly granted the State's motion for summary judgment dismissing the claim. Ritter, J. P., Altman, Krausman and Florio, JJ., concur.