OPINION OF THE COURT
Diane L. Fitzpatrick, J.
*830 Movant* and her husband, bring a motion for permission to file a late claim pursuant to Court of Claims Act § 10 (6). Defendant strenuously opposes the motion.
The proposed claim asserts, in pertinent part, the following:
“Paragraph 3: This incident occurred on or about September 1, 2002. The claimants were attending the New York State Fair at the State Fairgrounds, Syracuse, New York and walking back from the Indian Village portion of the fair. As they were walking back they stopped at a group of vending machines located in the area. As Mrs. Rizzo attempted to purchase a soft drink a large sign fell from above striking the claimant...
“Paragraph 6: Upon information and belief and at all times hereinafter mentioned, said accident was caused by the negligence, carelessness and recklessness of the State of New York, their employees, agents and/or servants in their failure to properly construct and install the sign; the State of New York was further negligent in failing to properly train and instruct their agents, services [sic] and/or employees in the proper installation and construction of the sign; the State of New York, their agents, servants and/or employees were further negligent in their failure to correct the dangerous condition which they knew or should have known existed with the unsafe and improper installation of the signs that existed on the above referenced premises which were under the possession and control of the State of New York and the State of New York failed to use reasonable and ordinary due care under the circumstances.
“Paragraph 7: Upon information and belief, the State of New York, their agents, servants and/or employees had actual and/or constructive notice of said dangerous condition, and/or created, caused or contributed to said dangerous conditions that existed with the unsafe and improper installation of signs which were under the possession and control of the State of New York.
“Paragraph 8: That the State of New York is liable to claimants under the doctrine of res ipsa loquitur.”
Court of Claims Act § 10 (6) allows a claimant who has failed to timely serve a notice of intention or who has failed to file and *831 timely serve a claim within the time frame set forth in Court of Claims Act § 10 to make an application to the court to file such a claim, in the discretion of the court, at any time before an action asserting a like claim against a citizen of the state would be barred under article 2 of the CPLR (Court of Claims Act § 10 [6]). Movants’ motion is timely (Court of Claims Act § 10 [6]; CPLR 214 [5]).
To determine whether an application for permission to file a late claim should be granted, consideration must be given to the six factors listed in Court of Claims Act § 10 (6), and any other relevant factors. The presence or absence of any one factor is not determinative (Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979 [1982]; Ledet v State of New York, 207 AD2d 965 [1994]). Instead, it is a balancing of all of the factors by the court which may warrant the granting of the application to file and serve a late claim.
The first factor is whether the delay in filing the claim is excusable. Movant’s attorney asserts that the reason movant did not timely file and serve a claim is because the State was paying for her medical expenses. It was only when the payments ceased that movant was motivated to pursue legal recourse. This is not a valid excuse (see, Matter of Professional Charter Servs. v State of New York, 166 Misc 2d 306 [1995] [negotiating with the State insufficient excuse]). As a result, this factor must weigh against granting movants’ application.
The factors of whether the State had notice of the essential facts, an opportunity to investigate the underlying claim, and whether the State will suffer substantial prejudice if the late filing and serving of the claim are permitted will all be addressed together. It is undisputed that movant reported her injury to a state trooper around gate 3 immediately after the incident and then proceeded to the “aid station” where movant gave a statement to another trooper regarding how she had incurred her alleged injury. Defendant acknowledges that nine days after movant claims she was injured, she contacted Richard Guanciale, business manager for the New York State Fair, seeking payment of her medical expenses. Nonetheless, defendant argues that the State had no notice that movant was contemplating a lawsuit and thus did not investigate until later. This investigation was done with movant and her husband a few months after the State Fair had closed at which point movant could not remember exactly where she was injured thereby preventing the State *832 from investigating this matter further. It is defendant’s position that as a result of the delay in proper notification, defendant will be prejudiced if the proposed claim is allowed to be filed.
Court of Claims Act § 10 (6) requires that the court consider whether the State had timely notice of the facts underlying the claim and an opportunity to investigate. The notice requirement is fulfilled when the facts giving rise to the claim have been timely provided to someone in authority in the department or agency responsible or to the legal department, such as the Attorney General (Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1, 7-8 [1977]). Typically, a report made to a state trooper is not considered notice to the State because the report does not alert anyone in authority at the state department of a potential claim (id. at 7-8; United Servs. Auto. Assoc, v State of New York, Ct Cl, Jan. 5, 1999, Read, J., Motion No. M-58225). In this case, however, defendant acknowledges that Mr. Guanciale reviewed daily, all incident reports prepared each day during the State Fair. Thus, he would have reviewed the police blotter with movant’s complaints to the state trooper at the first aid station. The police blotter, dated Sunday, September 1, 2002, at 5:30 p.m., indicates Winifred M. Rizzo, complainant, reported an arm injury. The narrative provides: “C-l [complainant 1] was getting a soda from machine by Gate 3 and wind blew over metal sign injuring C-l’s right arm.”
In determining whether information provided by a potential claimant to the defendant is notice to the State, depends upon whether the information provides some indication that the incident was caused by the State’s negligence (United Servs. Auto. Assoc, v State of New York, Ct Cl, supra). There is nothing in the police blotter narrative which would suggest negligence on the part of the State. The sign falling over is attributed to the wind. Moreover, Mr. Guanciale estimates that he reviews between 550 to 600 incident reports during the State Fair; there is nothing in this narrative that would have alerted him of a potential claim.
On September 10, 2002, movant spoke to Mr. Guanciale, and advised that she was injured at the fair and sought coverage of her medical expenses. Mr. Guanciale confirmed the incident with the state police log, and agreed to permit movant to submit her medical bills to the insurance carrier for the State Fair. This placed the State on notice that this incident could lead to litigation. Yet even with this knowledge, the State did not have a full opportunity to investigate the facts in order to assess its *833 potential for liability since movants could not specify where the sign fell. The police blotter indicates it was by gate 3; movant’s statement to the insurance investigator, as well as her affidavit and the proposed claim, indicate that the sign fell somewhere on her way back from the Indian village. A review of the map attached to defendant’s opposition papers shows there is a significant area between these two points, traversed during the State Fair by thousands of people and occupied by many exhibitors and vendors. Without a more exact location the State’s opportunity to investigate was transparent, as evidenced by the State’s significant effort to determine the location with movants, and Mr. Guanciale’s review of the fair’s own records to determine whether any sign repairs were made on that date anywhere in the vicinity of the Indian village. Movant also could not identify the type of sign which fell upon her. In the police blotter, a metal sign is indicated; however, the statement given to the insurance investigator, Lawrence R Flynn, provides that she does not remember what type of sign it was, plastic, metal or wood (movant’s affidavit, exhibit B). She provides no identifying features of the sign at anytime, other than her estimate that it was at least six feet long by three feet wide (id., exhibit B). Her statement to the insurance investigator indicates that the back of the sign was white or a light color (id., exhibit B). No other details are provided. Significantly, when movant and her husband walked the fairgrounds with Mr. Guanciale in February 2003, none of the permanent signs were identified as the sign or type of sign which struck movant. Under these circumstances, granting movants’ application would substantially prejudice the State’s attempt to defend against a claim that they negligently installed and maintained an unknown sign at an unknown location, which may not have been under its ownership or control.
The next factor, whether the claim appears to be meritorious, is often referred to as the most essential factor. A potential party seeking to file a late claim bears the heavier burden of demonstrating that the proposed claim appears meritorious (see, Witko v State of New York, 212 AD2d 889 [1995]; Nyherg v State of New York, 154 Misc 2d 199 [1992]). Even if the other factors set forth in Court of Claims Act § 10 (6) weigh in favor of granting movant’s application, it would be of no benefit to allow a potential claim that lacks even the appearance of merit (Savino v State of New York, 199 AD2d 254 [1993]; Prusack v State of New York, 117 AD2d 729 [1986]). Generally this factor *834 is met if the proposed claim is not patently groundless, frivolous or legally defective, and upon consideration of the entire record, there is cause to believe that a valid cause of action exists. (Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1, 11 [1977].)
The State argues that the claim is meritless because it fails to comply with section 11 of the Court of Claims Act. Specifically, it argues the proposed claim fails to specify the time when and place where the claim arose and the nature of the claim. In support of its argument, the State has provided affidavits from the insurance investigator, Mr. Flynn, and the State Fair business manager, Mr. Guanciale, who spent an hour and a half with the movants walking the fairgrounds in an effort to locate the place movant was injured and, hopefully, identify the sign that allegedly struck her. Movant could not determine the location of the incident and there was no record of any repairs made to any sign at or about the time of movant’s injury.
The test of specificity is whether a claim is specific enough so as not to mislead, deceive or prejudice the rights of the defendant (Heisler v State of New York, 78 AD2d 767 [1980]; Harper v State of New York, 34 AD2d 865 [1970]). The failure to adequately set forth the location of the incident has been held to be a jurisdictional defect requiring dismissal of the claim (see, Shells v State of New York, 249 AD2d 459 [1998] [notice insufficient which indicated accident occurred while claimant was crossing Route 112/25A in front of the Infant Jesus Church, in Port Jefferson, photocopies of the photographs of the location were difficult to see and only vaguely showed the driveway where claimant fell located on a property with 1,000-foot frontage on the roadway]; Schneider v State of New York, 234 AD2d 357, 357 [1996] [notice asserting claimant fell “in the picnic area adjacent to the parking area” in a state park was insufficient where there were various picnic areas adjacent to parking lots]; Cobin v State of New York, 234 AD2d 498, 499 [1996], lv dismissed 90 NY2d 925 [1997], rearg denied 91 NY2d 849 [1997] [notice of intention proving claimant fell “on the boardwalk at Jones Beach, County of Nassau, State of New York, in the East Quarter Circle, or its vicinity” was insufficient]; Grande v State of New York, 160 Misc 2d 383, 385 [1994] [claim provided claimant was “operating his motor vehicle along Route 25A . . . when a tree fell upon his car,” also a paragraph asserting State owned a roadway known as Route 25A in the Village of Brookville was insufficient]). The failure to adequately *835 specify the location of the State’s alleged negligence prejudices the defendant and results in the claim being legally defective. Even looking beyond the proposed claim, it is evident that movant has not set forth the location of the incident with sufficient specificity anywhere in the supporting documents, and this problem does not appear to be curable.
Furthermore, movants’ allegations regarding the nature of the claim are only general conclusory assertions. There is no evidence that this sign was owned or controlled in any way by the State.
As a result, the court finds that the proposed claim, under these facts, is legally deficient and weighs against granting the motion.
The final factor is whether the proposed claimants have any other remedy available. It does not appear from the information provided that movants would have any other viable remedy.
After weighing all of the factors, movants’ application is denied.

 The term movant will refer to Winifred Rizzo.