Golia v State of New York (2018 NY Slip Op 04535)





Golia v State of New York


2018 NY Slip Op 04535


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2015-00036

[*1]Michael J. Golia, etc., appellant,
v
State of New York, respondent.


Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (William J. McDonald of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Anisha S. Dasgupta, Valerie Figueredo, and Mark Grube of counsel), for respondent.



DECISION & ORDER
In a claim, inter alia, to recover damages for breach of contract, the claimant appeals from an order of the Court of Claims (Faviola A. Soto, J.), dated September 30, 2014. The order denied the claimant's motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the order is affirmed, with costs.
In October 2010, the Department of Internal Medicine (hereinafter the Department) of Long Island College Hospital (hereinafter LICH) informed the claimant, a physician in his first year of a residency training program, that LICH would not be renewing his resident agreement, which was for a term of 12 months beginning on June 23, 2010, and ending on June 22, 2011. The Department informed the claimant that it made this decision based upon the claimant's unsatisfactory performance and inadequate medical knowledge. In May 2011, SUNY Downstate Medical Center (hereinafter SUNY Downstate) acquired LICH and its residency training program. In connection with the acquisition, the claimant signed a resident agreement with SUNY Downstate (hereinafter the SUNY resident agreement) on May 2, 2011, terminating his employment with LICH and appointing him as a temporary clinical assistant instructor and member of the house staff for a term beginning on May 1, 2011, and ending on June 22, 2011. The SUNY resident agreement was not renewed by SUNY Downstate at the expiration of the term.
By notice of motion dated April 16, 2014, the claimant moved, pursuant to Court of Claims Act § 10(6), for leave to file a late claim, inter alia, to recover damages for breach of contract. The Court of Claims denied the motion, and the claimant appeals.
The Court of Claims providently exercised its discretion in denying the claimant's motion for leave to file a late claim. The court, having weighed the statutorily enumerated factors, properly determined that the claimant's delay in filing his claim due to his counsel's attempt to informally resolve the matter was not excusable (see Matter of Best v State of New York, 42 AD3d 699, 700-701; Prusack v State of New York, 117 AD2d 729, 730; Youngstown Pneumatic Concrete Co. v State of New York, 55 AD2d 776, 776), and properly determined that the claimant failed to adequately set forth sufficient facts demonstrating that his proposed claims alleging breach of contract, defamation, and negligence were meritorious (see Morris v Doe, 104 AD3d 921; Qing Liu [*2]v City Univ. of N.Y., 262 AD2d 473, 474; see also Manfro v McGivney, 11 AD3d 662, 663). Furthermore, the claimant had remedies available to him, including related actions pending in the Supreme Court against, among others, the residency program director and LICH, an ongoing complaint under article 28 of the Public Health Law, and an internal grievance procedure (see Borawski v State of New York, 128 AD3d 628, 629). In addition, his proposed claim alleging tortious interference with contract is time-barred (see CPLR 214[4]; Pursnani v Stylish Move Sportswear, Inc., 92 AD3d 663, 664). "[T]he failure to file a timely claim . . . divests the Court of Claims of jurisdiction, and thus, the court does not possess the discretion to reinstate [a] time-barred [claim]" (Berger v State of New York, 171 AD2d 713, 716 [citations omitted]; see Roberts v City Univ. of N.Y., 41 AD3d 825, 826; Simon v State of New York, 12 AD3d 171).
The claimant's remaining contention is without merit.
DILLON, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court