PRG Assoc. Ltd. Partnership v Planet Organic Holding Corp. (2022 NY Slip Op 03410)





PRG Assoc. Ltd. Partnership v Planet Organic Holding Corp.


2022 NY Slip Op 03410


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.


2020-04019
 (Index No. 60469/18)

[*1]PRG Associates Limited Partnership, respondent-appellant,
v
Planet Organic Holding Corp., et al., defendants, Harold Hochberger, appellant-respondent.


Cuddy & Feder LLP, White Plains, NY (Joshua E. Kimerling and Brendan Goodhouse of counsel), for appellant-respondent.
Davidoff Hutcher & Citron LLP, New York, NY (Joshua S. Krakowsky and Benjamin Noren of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for breach of a lease and to enforce a personal guaranty, the defendant Harold Hochberger appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated May 1, 2020. The order, insofar as appealed from, denied the motion of the defendant Harold Hochberger for summary judgment dismissing the complaint insofar as asserted against him. The order, insofar as cross-appealed from, denied the plaintiff's cross motion, in effect, for summary judgment on the complaint insofar as asserted against the defendant Harold Hochberger.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against the defendant Harold Hochberger, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff commenced this action to recover rent and additional rent pursuant to a lease agreement with the defendant Mrs. Green's of Larchmont, Inc. (hereinafter Mrs. Green's), for which the defendant Harold Hochberger was guarantor. In an order dated May 1, 2020, the Supreme Court denied Hochberger's motion for summary judgment dismissing the complaint insofar as asserted against him, and denied the plaintiff's cross motion, in effect, for summary judgment on the complaint insofar as asserted against Hochberger. Hochberger appeals, and the plaintiff cross-appeals.
A complete, clear, and unambiguous agreement must be enforced according to the plain meaning of its terms (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162; White Plains Plaza Realty, LLC v Town Sports Intl., LLC, 79 AD3d 1025, 1027). Here, in support of its cross motion, the plaintiff made a prima facie showing that the clear and unambiguous terms of Hochberger's guaranty applied to the payment obligations of Mrs. Green's under the lease agreement during a holdover period following the expiration of the lease term on February 14, 2015. Pursuant to the express terms of the lease agreement, Mrs. Green's became a "holdover tenant" after the expiration of the lease term. Thus, contrary to Hochberger's contention, there was no alteration or modification of the terms of the lease and no new tenancy after the expiration of the lease term, but [*2]rather a continuation, by means of a holdover, of the lease that Hochberger guaranteed. The obligation for which Hochberger is responsible, therefore, remains the same as the obligation he originally guaranteed (cf. Arlona Ltd. Partnership v 8th of Jan. Corp., 50 AD3d 933). Contrary to Hochberger's further contention, such a holdover tenancy may be created with the consent of a landlord who continues to accept the previously agreed-upon rent (see SHLP Assoc. v State of New York, 262 AD2d 548). Furthermore, Hochberger agreed to be liable for the obligations of Mrs. Green's under the lease agreement until the premises were delivered vacant. The guaranty thus survived the expiration of the lease term, as a condition of the termination of the guaranty remained unsatisfied (see Elsa Zegelstein Revocable Living Trust v Nanto MK Corp., 179 AD3d 483; 300 Park Avenue, Inc. v Café 49, Inc., 89 AD3d 634).
The plaintiff also made a prima facie showing that it did not waive its right to collect holdover rent by accepting monthly rent during the holdover period (see Elite Gold, Inc. v TT Jewelry Outlet Corp., 31 AD3d 338, 340; see also Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442).
In opposition to the plaintiff's prima facie showings, Hochberger failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the plaintiff's cross motion which was, in effect, for summary judgment on the issue of liability against Hochberger. For the same reasons, Hochberger was not entitled to summary judgment dismissing the complaint insofar as asserted against him.
Nevertheless, the plaintiff failed to establish its entitlement to judgment as a matter of law with respect to the specific amount of rent, additional rent, and holdover rent for which Hochberger is liable pursuant to the guaranty with regard to the subject holdover period. Accordingly, that branch of the plaintiff's cross motion which, in effect, sought judgment against Hochberger in the principal sum of $413,800.87 was properly denied.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court